Submitted on record April 30, accused disbarred June 1, 2001

In re Complaint as to the Conduct of

# IVAN J. VESELY,
*Accused.*

(OSB 97-101, 97-102, 98-105, 98-163, 99-68, 00-56, 00-57, 00-58, 00-71, 00-72; SC S47964)

26 P3d 801

Mary A. Cooper, Assistant Disciplinary Counsel, Lake Oswego, filed the brief for the Oregon State Bar.

No appearance *contra.*

PER CURIAM

## PER CURIAM

In this lawyer discipline proceeding, the Oregon State Bar (Bar) alleged that the accused violated DR 1-102(A)(2) (engaging in criminal conduct that reflects adversely on lawyer's honesty, trustworthiness, or fitness to practice law) (two counts); DR 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (two counts); DR 1-102(A)(4) (engaging in conduct prejudicial to administration of justice) (two counts); DR 1-103(C) (failing to cooperate with disciplinary investigation) (nine counts); DR 2-110(A)(2) (withdrawing from representation without taking reasonable steps to avoid foreseeable prejudice to client); DR 5-105(E) (representing multiple current clients with conflicting interests); DR 6-101(B) (neglecting legal matter) (four counts); DR 7-102(A)(7) (counseling or assisting client in conduct lawyer knows to be illegal or fraudulent); DR 7-106(A) (disregarding or advising client to disregard rulings of tribunal) (two counts); DR 9-101(C)(3) (failing to account for client funds) (two counts); DR 9-101(C)(4) (failing to deliver client property promptly) (three counts); ORS 9.527(1) (committing act or course of conduct that, if member were applying for admission, should cause application to be denied) (two counts); and ORS 9.527(3) (willfully disobeying court order) (two counts).

The accused did not file an answer to the Bar's second amended formal complaint within the time allowed, and a trial panel of the Disciplinary Board entered an order of default. The accused did not participate in the trial panel's sanctions hearing.[1] After the sanctions hearing, the trial panel concluded that the accused intentionally and knowingly had committed the alleged violations and determined that the appropriate sanction was disbarment.

A detailed discussion of the accused's multiple acts of misconduct would not benefit the public or the bar. On

---

[1] This court automatically reviews the trial panel's decision under BR 10.1 (requiring Supreme Court review if trial panel imposes suspension for longer than six months or disbars accused lawyer).

*de novo* review, we adopt the decision of the trial panel without opinion, under BR 10.6.[2]

The accused is disbarred.

---

[2] BR 10.6 provides, in part:

"The court shall consider each matter de novo upon the record and may adopt, modify or reject the decision of the trial panel * * * in whole or in part and thereupon enter an appropriate order. If the court's order adopts the decision of the trial panel * * * without opinion, the opinion of the trial panel * * * shall stand as a statement of the decision of the court in the matter but not as the opinion of the court."